IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONALD B. PATTON, | § | |
| | § | No. 251, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0005000965 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 2, 2021
Decided: October 21, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Ronald B. Patton, filed this appeal from the Superior Court's denial of his motion for sentence review or modification. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Patton's opening brief that his appeal is without merit. We agree and affirm.

(2) In 2001, a Superior Court jury convicted Patton of attempted first-degree murder and possession of a deadly weapon during the commission of a felony ("PDWCF"). The Superior Court sentenced Patton, effective May 2, 2000, as

follows: (i) for attempted first-degree murder, thirty years of Level V incarceration, suspended after twenty-five years for decreasing levels of supervision; and (ii) for PDWDCF, two years of Level V incarceration. This Court affirmed the Superior Court's judgment on direct appeal.[1]

(3) In 2008, Patton filed a motion for sentence reduction or modification. The Superior Court denied the motion, finding the motion untimely and the sentence appropriate for the reasons stated at sentencing. The Superior Court noted that Patton could seek modification under 11 *Del. C.* § 4217 if deemed appropriate by the Department of Correction ("DOC"). In 2019, Patton again requested reduction of his sentence. The Superior Court denied the motion, finding it untimely and repetitive.

(4) On June 23, 2021, Patton filed a motion for sentence review or modification. On July 29, 2021, the Superior Court dismissed the motion as repetitive. This appeal followed.

(5) We review the Superior Court's denial of a motion for sentence modification for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] Under Rule 35(b), a motion for reduction of sentence filed more than ninety days after imposition of the sentence will be

---

[1] *Patton v. State*, 2002 WL 1357883 (Del. June 21, 2002).
[2] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[3] *Id.*

considered only in extraordinary circumstances or if DOC files an application under § 4217.[4] The Superior Court "will not consider repetitive requests for reduction of sentence."[5]

(6) As he did below, Patton argues that DOC's refusal to submit an application for him under § 4217 based on his Class A felony conviction for attempted first-degree murder, while another inmate with a Class A felony conviction obtained sentence reduction under § 4217, constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. He also argues that this refusal violates the Fourteenth Amendment, but he did not make this argument below and we will not consider it for the first time on appeal.[6]

(7) The Superior Court did not err in denying Patton's motion for sentence review or modification. Patton filed the repetitive motion more than ninety days after the imposition of his sentence. His claims regarding DOC's allegedly inconsistent application of § 4217 did not entitle him to modification of his sentence. As the Superior Court recognized, DOC is not required to apply for modification of Patton's (or any other inmate's) sentence under § 4217.[7] As to Patton's Eighth

---

[4] Under this statute, the Department of Correction may apply for sentence reduction for good cause shown, which can include rehabilitation of the offender.

[5] Super. Ct. Crim. R. 35(b).

[6] Supr. Ct. R. 8.

[7] *See, e.g., Croll v. Metzger*, 2019 WL 2394238, at *1 (Del. June 5, 2019) (affirming the Superior Court's denial of a petition for a writ of mandamus compelling DOC to change its policy of not making § 4217 applications for inmates convicted of sex offenses because DOC did not have a non-discretionary duty to apply for sentence modification under § 4217); *King v. State*, 2015 WL

Amendment claim, a thirty-year prison sentence (suspended after twenty-five years) for attempted first-degree murder is not grossly disproportionate to that crime.[8]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the Superior Court's judgment is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

317128, at *2 (Del. Jan. 23, 2015) ("It is within the discretion of the Department of Correction to apply for modification of an inmate's sentence under Section 4217.").

[8] *See, e.g., Ducote v. State*, 2005 WL 1200859, at *3 (Del. May 18, 2005) (rejecting Eighth Amendment claim of defendant who did not present any evidence suggesting life term was grossly disproportionate to crime of attempted first-degree murder).

4